UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Celso Aguilar Alvarez,<br>Petitioner<br>v.<br>Todd Blanche, et al.,<br>Respondents | Case No. 2:26-cv-02646-CDS-BNW<br>**Service Order and Order Denying Emergency Relief**<br>[ECF Nos. 1, 1-2] |

Petitioner Celso Aguilar Alvarez, an immigration detainee who is challenging the lawfulness of his federal detention at Nevada Southern Detention Center, has filed a counseled petition for federal habeas corpus relief under 28 U.S.C. § 2241, moved for an emergency temporary restraining order, and paid his filing fee. ECF Nos. 1, 1-2. Following a preliminary review of the petition and motion under the Rules Governing Section 2254 Cases,[1] I find that the petition establishes a prima facie case for relief, so I direct that the petition and motion be served on the United States Attorney's Office for the District of Nevada and set a briefing schedule.

It is therefore kindly ordered that the Clerk of Court:

1. ADD the United States Attorneys' Office for the District of Nevada to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

It is further ordered that the United States Attorney's Office for the District of Nevada file a notice of appearance by September 1, 2026, and file and serve their answer to the petition and their response to the motion by September 8, 2026, unless additional time is allowed for good cause shown. The respondents must file any documents referenced or relied upon in their

[1] I exercise my discretion to apply the rules governing 28 U.S.C. § 2254 petitions to this 28 U.S.C. § 2241 action. *See* Habeas Rule 1(b).

responsive pleadings with those pleadings.[2] However, the petitioner's ex parte emergency motion for temporary restraining order fails to show that he should receive emergency injunctive relief. ECF No. 1-2.[3] As a result, the motion will be considered in the ordinary course.

This court has the express authority to "use[,] or authorize the use[,] of suitable discovery procedures" to dispose of a viable habeas petition "as law and justice require." *Harris v. Nelson*, 394 U.S. 286, 290 (1969) (quoting 28 U.S.C. § 2243); *see also* Rule 7, § 2254 Rules (empowering a court to direct the parties to expand the record by submitting additional materials relating to the petition). The court concludes limited discovery is necessary to expand the record and properly dispose of this matter.

It is therefore ordered that the federal respondents must PRODUCE the following records, which are relevant to the lawfulness of the petitioner's detention: (1) I-200 Warrant for Arrest of Alien; (2) Form I-286 Initial Custody Determination; (3) Form I-862 Notice to Appear; (4) Form I-213 Record of Deportable or Inadmissible Alien; (5) all immigration court orders in the petitioner's removal proceedings or custody redetermination proceedings; (6) documents reflecting any appeal of any immigration court orders by the Department of Homeland Security or the petitioner; (7) transcripts and/or audio recordings of any custody redetermination proceedings; (8) any other records the federal respondents rely on to justify petitioner's detention. Specifically, the federal respondents must PRODUCE these materials to the petitioner's counsel **by September 8, 2026**. Alternatively, by that same date, the federal respondents must CERTIFY that, after a diligent search, they have determined that the records are not in their possession, custody, or control.

---

[2] *See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'" (citing 28 U.S.C. § 2243)).

[3] Counsel is reminded that he *must* follow this district's local rules, to include Local Rule 7-4 which sets for the requirement for filing emergency motions, and Local Rule IC 2-2(b) which requires a separate document be filed and a separate event must be selected for that document *for each type of relief requested.* Failure to comply may result in sanctions.

It is further ordered that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

It is further ordered that the respondents must not transfer the petitioner out of this district, with the exception of effectuating the petitioner's lawful deportation,[4] until further order of the court. In the event of lawful deportation, the respondents' counsel must file a notice with the court within five days of removal.

Dated: August 25, 2026

Cristina D. Silva
United States District Judge

[4] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").