UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Celso Aguilar Alvarez,<br>Petitioner<br>v.<br>Todd Blanche, et al.,<br>Respondents | Case No. 2:26-cv-02646-CDS-BNW<br>**Order Granting Petition for Writ of Habeas Corpus and Denying as Moot Petitioner's Motion for a Temporary Restraining Order and Motion for Expedited Consideration**<br>[ECF Nos. 1, 1-2, 5] |

Petitioner Celso Aguilar Alvarez is a citizen of Guatemala who is currently in the custody of the United States Immigration and Customs Enforcement (ICE).[1] He filed a petition[2] for a writ of habeas corpus requesting his release because he was issued an order granting him withholding of removal. Pet., ECF No. 1. Attached to that petition, Aguilar Alvarez filed an ex parte motion for a temporary restraining order (TRO) prohibiting the respondents from removing him from the United States prior to the resolution of his petition. ECF No. 1-2. The court issued a service order directing the Clerk of Court to add the United States Attorneys' Office for the District of Nevada to the docket as an Interested Party, which constituted service on the federal respondents. Order, ECF No. 2. That order required the federal respondents to file a notice of appearance by September 1, 2026. *Id.* It also required the federal respondents to produce certain discovery, and to file and serve their answer to the petition and their response to the TRO motion, by September 8, 2026. *Id.* Those deadlines passed without the federal respondents filing a notice of appearance, an answer, or a response.

[1] I refer herein to all named respondents collectively as "the respondents."

[2] Although it was filed as a complaint, the document purports to be a petition and seeks a writ of habeas corpus, so I refer to the filing as a petition throughout this order. That distinction is important here because Aguilar Alvarez paid the $405 filing fee for a complaint rather than the $5 filing fee for a petition for a writ of habeas corpus. *See* ECF No. 1. Accordingly, Aguilar Alvarez may consider filing a refund request through the PACER Service Center. *See* United States Courts, https://pacer.uscourts.gov/help/faqs/how-do-i-get-refund-overpayment (last visited Nov. 10, 2026).

On October 7, 2026, Aguilar Alvarez filed a supplement to his petition asserting that the federal respondents produced some of the ordered discovery and that those documents fail to establish that he is subject to a valid order of removal or a properly reinstated removal order. First suppl., ECF No. 4. Again, the federal respondents did not file any response. About a month later, Aguilar Alvarez filed another supplement, which should have been docketed as a motion, seeking an expedited ruling on his petition. Second suppl., ECF No. 5.

While I recognize that Aguilar Alvarez's withholding of removal to Guatemala does not prevent his removal from the United States to a third country, *see Johnson v. Guzman Chavez*, 594 U.S. 523, 537 (2021) (explaining that "a grant of withholding-only relief 'means only that, notwithstanding the order of removal, the noncitizen may not be removed to the designated country of removal, at least until conditions change in that country,' and that 'the noncitizen still may be removed at any time to another country'" (citation omitted)), I nevertheless have "equitable discretion" "as law and justice require" for remedying unlawful detention in habeas petitions. *Brown v. Davenport*, 596 U.S. 118, 128, 134 (2022) (quotation omitted). Indeed, release is the appropriate remedy here because Aguilar Alvarez has a strong liberty interest to be free from arbitrary detention and the government has not opposed his petition. *See Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). So I grant Aguilar Alvarez's petition as unopposed and I order his immediate release.

## Conclusion

IT IS THEREFORE ORDERED that petitioner Celso Aguilar Alvarez's petition for a writ of habeas corpus **[ECF No. 1] is GRANTED**.

IT IS FURTHER ORDERED that, in light of the relief granted in this order, petitioner Celso Aguilar Alvarez's TRO motion **[ECF No. 1-2]** and his motion for expedited consideration **[ECF No. 5] are denied as moot**.

IT IS FURTHER ORDERED that the respondents must release petitioner Celso Aguilar Alvarez from the custody of the Nevada Southern Detention Center by Friday, November 13, 2026, no later than 5:00 p.m. The respondents must transport Aguilar Alvarez to 501 Las Vegas Blvd. South, Las Vegas, Nevada that same day. The respondents must advise Aguilar Alvarez's counsel of the estimated time of release for coordination purposes.

IT IS FURTHER ORDERED that if Aguilar Alvarez was under an order of supervision prior to his detention, he is placed under the *same* order of supervision upon his release. The federal respondents must not impose release conditions that substantially interfere with Aguilar Alvarez's liberty, such as location monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing.

IT IS FURTHER ORDERED that that the respondents return all of Aguilar Alvarez's personal property to him upon his release.

IT IS FURTHER ORDERED that the federal respondents must file a notice of compliance with this order detailing the date, time, and location of Aguilar Alvarez's release no later than Monday, November 16, 2026, at 5:00 p.m. Once the respondents' status report confirming the petitioner's release is received, the case will be closed.

IT IS FURTHER ORDERED that if the respondents desire to remove Aguilar Alvarez to a third county, they must (1) provide the petitioner with notice of his purported third-country removal; (2) ask the petitioner whether he fears persecution or harm upon removal to the designated country and memorialize in writing the petitioner's response; (3) inform the petitioner that he may seek asylum, withholding, and relief under the United Nations Convention Against Torture by filing a motion to reopen with the immigration courts if the answer to that question is yes; and (4) provide adequate time to prepare and file a motion to reopen. *See Sarkisov v. Blanche*, 2026 WL 949019, at *6 (D. Nev. Apr. 8, 2026).

Dated: November 10, 2026

Cristina D. Silva
United States District Judge